**Frank H. GLATT, Plaintiff,**

v.

**CHICAGO PARK DISTRICT, Jim Halper and Robert Nelson, Defendants.**

No. 93 C 5391.

United States District Court, N.D. Illinois, E.D.

March 21, 1994.

Kenneth N. Flaxman, Kenneth N. Flaxman, P.C., Chicago, IL, for plaintiff.

Kathleen M. McCabe, Nelson A. Brown, Jr., Chicago, IL, for defendants.

## OPINION AND ORDER

NORGLE, District Judge:

Before the court is the motion of defendants Chicago Park District ("Park District"), Jim Halper ("Halper"), and Robert Nelson ("Nelson") (collectively "defendants") to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(6). For the following reasons, the motion is granted as to counts II and III, and denied as to count I.

### FACTS

The Park District is a municipal corporation, and Jim Halper ("Halper") and Robert Nelson ("Nelson") are two of its employees. As part of the Park District's governmental functions, the Park District regulates the assignment and renewal of boat mooring permits for the harbors in Lake Michigan. Under the rationale of continuity, the Park District has an ordinance establishing a procedure for assigning and renewing permits.

Plaintiff Frank H. Glatt ("Glatt") has been mooring his vessel during the sailing seasons at the Diversey Harbor. For several years prior to 1993, the Park District had assigned mooring space D–19 in the Diversey Harbor to Glatt. Over the years, Glatt made improvements to space D–19. In April 1993, after Glatt had renewed his mooring permit, the Park District did not reassign D–19 to him as he anticipated. Glatt alleges that the new mooring space is unsafe and less desirable than D–19, and that Halper and Nelson caused the less favorable mooring space assignment.

Glatt claims that he has complained of bribery, corruption, illegal payoffs, and other misconduct of the Park District officials re-

garding how permits are issued and to whom they are issued. Glatt further claims Halper and Nelson learned of Glatt's complaint to the Park District about corruption, bribes, and illegal pay-offs involving them. As a result of Glatt's complaint, the two influenced other employees of the Park District not to remove weeds near Glatt's mooring space, causing damages to his vessel.

Glatt alleges that defendants violated 42 U.S.C. § 1983 by depriving him of various constitutional rights. First, Glatt claims Halper and Nelson deprived Glatt of his right to freedom of speech protected under the First Amendment. In support of this claim, Glatt asserts both Halper and Nelson directed the Park District personnel not to remove weeds from the immediate vicinity of Glatt's mooring in retaliation for speaking out on a matter of public concern. Second, Glatt claims that his right of association under the First Amendment was violated when Halper warned other permit holders in Diversey Harbor that Glatt was a "defector" and had made complaints of Park District misconduct, causing other permit holders to stop associating with Glatt. Third, Glatt claims that he was deprived of his property right without due process when the Park District refused to give him mooring space D–19.

### DISCUSSION

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the allegations of the complaint, as well as all reasonable inferences drawn from them are taken as true. *Perkins v. Silverstein* 939 F.2d 463, 466 (7th Cir.1991). A dismissal under rule 12(b)(6) is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Papapetropoulous v. Milwaukee Transp. Servs., Inc.* 795 F.2d 591, 594 (7th Cir.1986). A complaint's mere vagueness or lack of detail is not sufficient to justify a dismissal. *Strauss v. City of Chicago,* 760 F.2d 765, 767 (7th Cir.1985). The court, however, need not strain to find inferences favorable to the plaintiff which are not apparent within the four corners of the complaint. *Coates v. Illinois State Bd. of Educ.,* 559

F.2d 445, 447 (7th Cir.1977). The complaint must state either direct or inferential allegations to establish the necessary elements for recovery under the relevant legal theory. *Mescall v. Burrus,* 603 F.2d 1266, 1269 (7th Cir.1979).

■ To state a § 1983 cause of action, the challenged complaint must satisfy two requirements: (1) that the defendant acted under the color of law, and (2) that the defendant deprived plaintiff of a federal right. *Hill v. Shelander,* 924 F.2d 1370, 1372 (7th Cir.1991). In the event the plaintiff seeks § 1983 relief from a municipality, the plaintiff must satisfy a third requirement; that the municipality had a policy or custom which caused the injury. *Monell v. Dep't. of Social Servs. of City of New York,* 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978). Moreover, a suit against a public official in his or her official capacity is equivalent to a suit against the municipality he or she represents. *Brandon v. Holt,* 469 U.S. 464, 471–72, 105 S.Ct. 873, 877–78, 83 L.Ed.2d 878 (1985).

■ In the absence of any allegation that individual defendants are being sued in their individual capacities, an allegation that the individual defendants acted under the color of law generally is construed as a suit against them in their official capacities only. *Yeksigian v. Nappi,* 900 F.2d 101, 104 (7th Cir. 1990). If, however, the pleadings when read in their entirety plainly show that an individual capacity suit was intended, then an individual capacity will be assumed. *Hill,* 924 F.2d at 1373.

■ In the present case, Glatt's complaint contains no express statement that Halper and Nelson are being sued in their individual capacities. Glatt is, however, seeking punitive damages from Halper and Nelson, a form of relief that cannot be obtained from a municipality or from individuals sued in their official capacities. *Kolar v. County of Sangamon,* 756 F.2d 564, 567 (7th Cir.1985). In Glatt's response to defendants' motion to dismiss, Glatt asserts that his intention is to sue Halper and Nelson in their individual capacities. Furthermore, the caption of Glatt's complaint does not refer to either Halper or

Nelson by their official titles with the Park District, another factor tending to demonstrate an individual capacity suit. *See Kolar,* 756 F.2d at 567. When Glatt's pleadings are read in their entirety, the pleadings evince that an individual capacity suit was intended against Halper and Nelson. Consequently, with respect to the counts against Halper and Nelson, counts I and II, an individual capacity suit is assumed, and Glatt need not allege a municipal policy or custom. Nonetheless, Glatt is subject to the third requirement of alleging municipal policy or custom as to Count III because it is asserted against the Park District, a municipal corporation.

Counts I and II allege that Halper and Nelson deprived Glatt of his First Amendment rights to freedom of speech and association. The complaint sufficiently alleges that at all relevant times, both Halper and Nelson acted under color of law. Because Glatt brings these counts against Halper and Nelson in their individual capacities, Glatt's only other requirement to state a viable § 1983 action is that he allege sufficient facts to show he was deprived of his constitutional rights. *See Leatherman v. Tarrant County Narcotics Unit,* —— U.S. ——, ——, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993).

■ To demonstrate that Halper and Nelson deprived Glatt's freedom of speech, Glatt must show that Halper and Nelson retaliated against him for speaking out on a matter of public concern. *Gray v. Lacke,* 885 F.2d 399, 410 (7th Cir.), *cert. denied,* 494 U.S. 1029, 110 S.Ct. 1476, 108 L.Ed.2d 613 (1989). In count I, Glatt complains Halper and Nelson instructed the Park District personnel not to remove weeds from Glatt's mooring in retaliation for Glatt's speaking out about bribery, corruption, payoffs and other misconduct, which are matters of public concern. Accepting the factual allegations of the complaint as true, Glatt has alleged enough facts to show deprivation of his First Amendment right to freedom of speech. Thus, the motion to dismiss as to Count I is denied.

■ Count II, however, fails to state a cause of action. To demonstrate that Halper and Nelson deprived Glatt's First Amendment right to freedom of association, he must demonstrate that he was deprived of his right to associate with others for the purpose of *expression. See, e.g., City of Dallas v. Stranglin,* 490 U.S. 19, 24–5, 109 S.Ct. 1591, 1594–95, 104 L.Ed.2d 18 (1989); *Swank v. Smart,* 898 F.2d 1247, 1252 (7th Cir.), *cert. denied,* 498 U.S. 853, 111 S.Ct. 147, 112 L.Ed.2d 113 (1990). The First Amendment does not protect opportunities of association that do not pertain to expressive association, even if they might be described as "associational" in common parlance. *Stranglin,* 490 U.S. at 23, 109 S.Ct. at 1594. Not only is it doubtful that the association that Glatt desires with the other mooring lessees of Diversey Harbor is the type of expressive association that the First Amendment protects, Glatt does not allege any expressive purpose. Thus, the motion to dismiss as to count II is granted.

■ Count III likewise fails to state a § 1983 cause of action. Count III alleges that the Park District deprived Glatt of a property right protected by the due process clause of the Fourteenth Amendment by failing to assign space D–19 to him. To survive the motion to dismiss, count III must contain facts sufficient to support a finding that the Park District had a municipal policy or custom that caused his injury, and that he had a protected property interest in his previous mooring space D–19.

■ A single act of a municipal official, if that official has the authority to make policy, can constitute a municipal policy for purposes of § 1983. *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986). Glatt alleges that Nelson, as the "Marine Director," had the authority to make final and unreviewable decisions about mooring permits, and therefore Nelson was the final policy-making authority. Accordingly, Glatt has pleaded adequate facts to satisfy the municipal policy requirement to state a § 1983 claim for purposes of a motion to dismiss.

■ Glatt, however, fails to establish a violation of his constitutional rights by the Park District. In order for an individual to have a constitutionally protected property interest, he or she must have a legitimate claim

of entitlement to the subject property. *See, e.g. Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420; *Bayview–Lofberg's, Inc. v. City of Milwaukee,* 905 F.2d 142, 144 (7th Cir.1990); *Carson v. Block,* 790 F.2d 562, 566–67 (7th Cir.1986). Glatt alleges that by the Park District's use of the word "shall" in subsection C(3)(b)(1) of Chapter VIII of the Park District Rules, the ordinance providing the procedure for assignment and renewal of permits, created a presumption that he would receive his previously assigned mooring space. The court disagrees. A careful reading of the subsection C(3)(b)(1) reveals the ordinance only mandates that the prior permittee "shall be granted a renewal for the prior permit." Park Dist.R., Ch. VIII, § C(3)(b)(1).[1] The following sentence in this subsection grants the Marine Director a discretionary power to assign mooring spaces to the permit holders. Therefore, Glatt has only alleged, at best, that he has a property interest in a mooring permit in Diversey Harbor, but not a specific mooring space. Further, Glatt has failed to allege any other source of entitlement to D–19. Thus, Glatt has not alleged sufficient facts to establish a due process claim. As a result, the motion to dismiss as to Count III is granted.

### CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted as to count II and III, and denied as to count I.

IT IS SO ORDERED.

---

**1.** The constitutionality of this policy regarding priority permit renewals to the virtual exclusion of others is not developed by the parties. There is, however, no dispute that in a city of approximately three million people and a total metropolitan population of four or more million people, moorings, safe or unsafe, weeded or weedless, are of great demand and extremely limited in availability.