Michael B. FERNANDO, M.D., Plaintiff,

v.

RUSH–PRESBYTERIAN–ST. LUKE'S MEDICAL CENTER, Defendant.

No. 94 C 6652.

United States District Court,
N.D. Illinois,
Eastern Division.

April 5, 1995.

Clara L. Larry, Clara L. Larry & Associates, Chicago, IL, for plaintiff.

Bruce R. Alper, Ann Margaret Schlaffman, Vedder, Price, Kaufman & Kammholz, Chicago, IL, for defendant.

## OPINION AND ORDER

NORGLE, District Judge:

Before the court is the motion of Defendant Rush–Presbyterian–St. Luke Medical Center ("Rush") to dismiss the complaint of Plaintiff Michael B. Fernando, M.D., ("Fernando") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is granted in part and denied in part.

## FACTS

On January 26, 1994, Fernando, an employee of Rush, filed a charge with the Equal Employment Opportunity Commission ("EEOC"). In the charge, Fernando alleged that Rush subjected him to different terms and conditions of employment because of his race, black. Fernando also complained that his supervisors at Rush gave him negative evaluations because of his race. Fernando filed a three count complaint against Rush. Count I, race discrimination, and Count II, retaliation, are brought pursuant to Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e *et seq.* Count III alleges intentional infliction of emotional distress.

## DISCUSSION

On a motion to dismiss, all well-pleaded factual allegations are presumed to be true. *Land v. Chicago Truck Drivers,* 25 F.3d 509, 511 (7th Cir.1994). The court must view those allegations in the light most favorable to the plaintiff, *Gould v. Artisoft, Inc.,* 1 F.3d 544, 546 (7th Cir.1993), and accept all reasonable inferences to be drawn from those allegations as true. *Meriwether v. Faulkner,* 821 F.2d 408, 410 (7th Cir.), *cert. denied,* 484 U.S. 935, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987). This court is not, however, constrained by the legal characterizations that the plaintiff places on those allegations. *Republic Steel Corp. v. Pennsylvania Eng'r Corp.,* 785 F.2d 174, 183 (7th Cir.1986).

Additionally, the court must construe the pleadings liberally; mere vagueness or lack of detail alone will not constitute sufficient grounds to dismiss a complaint. *Strauss v. City of Chicago,* 760 F.2d 765, 767 (7th Cir.1985). The complaint need not specify the correct legal theory nor point to the right statute to survive a Rule 12(b) motion to dismiss. *Tolle v. Carroll Touch, Inc.,* 977 F.2d 1129, 1134–35 (7th Cir.1992). Rather,

the complaint must state, either directly or inferentially allegations to establish the necessary elements for recovery under the chosen legal theory. *Glatt v. Chicago Park Dist.*, 847 F.Supp. 101, 103 (N.D.Ill.1994).

 Fernando alleges in Counts I and II that Rush discriminated against him on the basis of race (e.g., racial slurs and derogatory comments) and retaliated against him (e.g., lower performance appraisals, the denial to continue his residency, and the refusal to provide Fernando the direction and guidance required to progress from a resident to a physician-scientist) in violation of Title VII of the Civil Rights Act of 1964. Rush moves to dismiss these counts on the grounds that the allegation of retaliatory discharge is outside of the scope of Fernando's EEOC charge. In support, Rush attached Fernando's EEOC charge as an exhibit to its motion to dismiss.[1]

 The court denies Rush's motion as to Count I. It is well settled that a plaintiff must first assert a discrimination claim in an EEOC charge as a condition precedent to filing a Title VII action in federal court. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir.1992); *see* 42 U.S.C. § 2000e-5. A plaintiff may not bring claims in a civil action that are beyond the scope of the EEOC charge. *Cheek v. Western and S. Life Ins. Co.*, 31 F.3d 497, 503 (7th Cir.1994); *Taylor v. Western and S. Life Ins. Co.*, 966 F.2d 1188, 1194 (7th Cir.1992). A plaintiff may not complain of certain acts of discrimination to the EEOC and then file an action claiming different acts of discrimination. *Johnson v. Indopco, Inc.*, 834 F.Supp. 1039, 1043 (N.D.Ill.1993).

 The condition precedent of an EEOC charge serves the dual purpose of preserving the primary jurisdiction of the EEOC and providing both the EEOC and the employer with an opportunity to settle the discrimination allegations without litigation. *Rush*, 966 F.2d at 1110. However, the court must construe the EEOC charge with the "utmost liberality" in determining the

permissibility of Title VII claims. *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir.1985); *Otterbacher v. Northwestern Univ.*, 838 F.Supp. 1256, 1260 (N.D.Ill.1993). As such, a claim is considered to be within the scope of the EEOC charge if it is "like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations." *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir.), *cert. denied*, 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976). In addition, the court recognizes that claims of discrimination communicated during the course of the EEOC investigation are proper claims to be made in a Title VII complaint. *O'Rourke v. Continental Casualty Co.*, 983 F.2d 94, 97 (7th Cir.1993).

Fernando's charge to the EEOC stated that he had been subject to different terms and conditions than his non-black colleagues, including several negative evaluations, from 2/11/93 through 5/12/93. In addition, Fernando's EEOC affidavit contains allegations of racially derogatory comments. *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 502 (7th Cir.1994) ("Allegations outside the body of the charge may be considered when it is clear that the charging party intended the agency to investigate the allegations."); *Rush*, 966 F.2d at 1110–11 (referring to plaintiffs' EEOC affidavit). In Count I Paragraph 7 of his complaint, Fernando claims that he was effectively denied the opportunity to continue his residency because of Rush's use of an inherently discriminatory system. In Count I Paragraph 8 of his complaint, Fernando claims that he was subjected to racial slurs and derogatory comments about his race. Therefore, the issue is whether, under the liberal application of the *Jenkins* standard, the claim is "like or reasonably related" to the EEOC charge of being subject to different terms of employment. The court finds that the claim of racial discrimination, in the form of an inherently discriminatory system and racial slurs, is reasonably related to the EEOC charge of disparate treatment and the affidavit of ra-

1. It is appropriate for the court to consider the EEOC charge, pursuant to Federal Rule of Civil Procedure 12(b)(1), because the subject matter jurisdiction of this court is predicated upon the existence of an EEOC charge. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992).

cial slurs. However, Rush is correct in stating that Paragraph 8 improperly complains of wrongs beyond the dates listed in the EEOC charge. As such, the denial of Rush's motion is limited to the dates listed on the charge of discrimination.

Rush's reliance on *Whitehead v. AM Int'l, Inc.*, 860 F.Supp. 1280 (N.D.Ill.1994) is misplaced. In *Whitehead*, this court found that the claim was outside of the scope of the allegations of the EEOC charge. There the plaintiff's EEOC charge contained allegations of racial discrimination. In describing the disparate treatment in her EEOC charge, the *Whitehead* plaintiff compared her treatment to that of white employees. Yet, in her complaint the plaintiff claimed sexual discrimination and harassment. The allegations in that complaint were not reasonably related to or growing out of the charge. In the case at bar, Fernando's EEOC charge complains that he was subject to different treatment and received negative evaluations because of his race. This claim is reasonably related to Fernando's complaint that he has been effectively denied the opportunity to continue his residence at Rush because of racial discrimination. Accordingly, mindful of the liberal standard district courts are charged to follow, Rush's motion to dismiss Count I, as to the dates listed in the EEOC charge, is denied.

■ Rush also moved to dismiss the Count II claim of retaliation. However, in its reply brief, Rush appropriately limited the scope of its motion. The Seventh Circuit Court of Appeals considered the retaliation issue in *Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534 (7th Cir.1988) *cert. denied*, 491 U.S. 907, 109 S.Ct. 3191, 105 L.Ed.2d 699 (1989). In *Steffen*, the plaintiff failed to allege retaliation in his EEOC charge and instead alleged age discrimination. However, in his complaint the plaintiff alleged retaliation. The Seventh Circuit held that the retaliatory discharge claim, where the retaliation occurred before the filing of EEOC claim, was outside the scope of the EEOC charge. *Id.* at 544. Similarly, in the case at bar, any claims which allege retaliation prior to the filing of the EEOC claim are outside the

scope of Fernando's EEOC charge. Accordingly, such claims are dismissed.

As Rush correctly recognizes, any retaliation claims referring to the time period after the filing of the EEOC charge are proper. The law of this circuit allows a retaliatory discharge claim to proceed without mention of that claim in the EEOC charge where the retaliation occurs after the filing of the charge. *Id.* at 545 n. 2. Therefore, any claims of retaliation occurring after January 26, 1994, are proper and are not dismissed.

■ Rush also moves the court to dismiss Count III of Fernando's complaint. In Count III Fernando makes a claim against Rush for intentional infliction of emotional distress. Under Illinois law to state a cause of action for intentional infliction of emotional distress, the complaint must satisfy following elements: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that the conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress. *Whitehead v. AM International*, 860 F.Supp. 1280, 1290 (N.D.Ill.1994).

■ This court has said, "Illinois courts have consistently portrayed the tort of intentional infliction of emotional distress as an intentional tort requiring a heightened level of egregiousness in comparison to other intentional torts such as assault and battery." *Id.* The tort does not assess liability for mere insults, indignities, threats, annoyances, or trivialities. *Public Finance Corp. v. Davis*, 66 Ill.2d 85, 4 Ill.Dec. 652, 360 N.E.2d 765 (1977). Rather, liability will be imposed only where the distress inflicted is so severe that no reasonable person could be expected to endure it. *Id.; Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir.1993); *Whitehead*, 860 F.Supp. at 1291.

The court finds that Fernando fails to state a viable claim for intentional infliction of emotional distress. Fernando claims that he was subject to extreme verbal abuse. The court recognizes that these allegations of verbal abuse, if true, are inappropriate and offensive. However, these allegations, as ar-

**124**

ticulated in the complaint, do not rise to the level of extreme and outrageous conduct. *See Whitehead,* 860 F.Supp. at 1291. Therefore, Count III fails to satisfy the first of the aforementioned requirements. In addition, Count III also fails to satisfy the second requirement. The complaint does not allege that Rush either specifically intended to cause, or knew that such verbal abuse had a high probability of causing, Fernando emotional distress. *Id.* Accordingly, Count III is dismissed.

### CONCLUSION

For the foregoing reasons Rush's motion to dismiss is granted in part and denied in part.

IT IS SO ORDERED.