Edward **CRESSWELL**, et al., Plaintiffs,

v.

**PRUDENTIAL–BACHE SECURITIES, INC., Defendant.**

**No. 83 Civ. 2099.**

United States District Court, S.D. New York.

Nov. 23, 1987.

G.G. Chaplin, pro se.

Sullivan & Cromwell, New York City (John Hardiman, Marvin Schwartz, Pressly M. Millen, of counsel), for defendant.

## OPINION

SWEET, District Judge.

Defendant Prudential–Bache Securities, Inc. ("Bache") has moved for an order (1) granting Bache leave to pay the sum of $51,128.91 into the court pursuant to Fed. R.Civ.P. 67 and (2) dismissing the remaining claims in this litigation pursuant to Fed.R.Civ.P. 12(b)(1) because a justiciable case or controversy no longer exists with respect to them. Plaintiff *pro se* George Gough Chaplin ("Chaplin") opposes the motion on the grounds that dismissal will greatly prejudice him in his efforts to obtain a just resolution to this litigation. For the reasons set forth below, Bache's motion is granted.

### Prior Proceedings

This action was originally brought by over 80 plaintiffs seeking damages for claims arising under the Commodity Exchange Act ("CEA"), 7 U.S.C. §§ 1 *et seq.,* as well as for pendent state law claims of fraud, misrepresentation and negligence against Bache, a Delaware corporation having its principal place of business in New York City. The plaintiffs claimed losses allegedly suffered as a result of investments made by Bache on their behalf in "spread positions" between futures contracts for Government National Mortgage Association Certificates and Treasury Bonds. The complaint also sought punitive damages. All of the original plaintiffs except Chaplin settled their claims.[1] Chaplin alone pursued his individual out-of-pocket damages of $35,444.66 as well as punitive damages.

On October 6, 1986, Bache moved for summary judgment on Chaplin's punitive damages claim. In an opinion dated December 23, 1986, the court held that under English law Chaplin was not entitled to punitive damages, but denied Bache's motion with leave to renew at trial on the grounds that Chaplin should have an opportunity to prove at trial whether Bache had committed any acts in the United States that would entitle him to punitive damages.

A two day bench trial was held on June 29 and 30, 1987. At the close of trial, Chaplin's claim for punitive damages was dismissed in an oral opinion. A decision on the merits of the claims for the CEA violations, negligence and breach of fiduciary duty was reserved pending the submission by the parties of briefs on various issues of English law. Bache sought and obtained extensions for its submission on English law. On July 27, 1987, Chaplin moved for leave pursuant to 28 U.S.C. § 1292(b) to file an interlocutory appeal of the decision dismissing his claim for punitive damages. On September 11, 1987, Bache filed the present motion to dismiss. In view of the decision on Bache's motion that follows, Chaplin's motion of July 27 is moot as he is now free to appeal from the final judgment to be entered dismissing this case.

### Dismissal of the Complaint for Lack of a Justiciable Controversy

Bache has offered to tender to Chaplin all of his alleged damages—$35,444.66, plus pre-judgment interest from October 1982, the date Chaplin alleges he suffered the losses, to the present. On the basis of its offer, Bache contends that there is no

---

1. Most of the original plaintiffs have, however, recently commenced a separate lawsuit claiming that they were fraudulently induced by Bache and its attorneys into settling their claims.

longer a case or controversy in this litigation and, therefore, that subject matter jurisdiction no longer exists.

 This Circuit has recognized that when a defendant tenders all that a plaintiff could recover were a claim to be fully litigated, a justiciable case or controversy no longer exists and the claim should therefore be dismissed. Thus, in *Abrams v. Interco Inc.*, 719 F.2d 23 (2d Cir.1983), the Court upheld the district court's dismissal of an antitrust action after the defendant tendered the damages the plaintiffs would have been entitled to were they to prevail under the Sherman Act—treble damages plus reasonable attorney's fees. Other courts have also upheld dismissals where the defendant agreed to grant the plaintiff full relief. *See Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir.1986); *Spencer–Lugo v. Immigration & Naturalization Service*, 548 F.2d 870 (9th Cir.1977); *Wometco v. Norfolk Coca–Cola Bottling Works, Inc.*, 528 F.2d 1128 (4th Cir.1976).

Chaplin opposes Bache's motion and offer to pay his individual damages on two grounds. First, Chaplin claims that the offer to pay the damages he asserted in the original complaint, plus prejudgment interest, is insufficient to grant him the relief that he seeks through this lawsuit. Second, Chaplin contends that Bache should not be able to escape a finding of liability on the underlying claims simply by tendering payment of the damages stated in the original complaint. As to the first claim, the measure of damages for Chaplin's underlying claims, fraud under the common law and the CEA, is out-of-pocket losses. *See Idrees v. American University of the Caribbean*, 546 F.Supp. 1342, 1350 (S.D.N.Y.1982) (common law); *Auditore v. Rosenthal & Co.*, [1977–80 Transfer Binder] Comm.Fut.L.Rep. ¶ 20,658 at 22,-668 (N.D.Ga.1978) (CEA). Chaplin's out-of-pocket losses are alleged to be $35,444.66. His claim for punitive damages has been dismissed. Therefore, it appears that Bache's offer fully satisfies the amount that Chaplin could recover if he were to prevail on the merits.

As to the second claim, despite Chaplin's eloquent protestations concerning the wrong allegedly practiced by Bache on unknowing investors, like himself, and his fervent desire to have Bache brought to justice, neither the common law nor the CEA permits a previously aggrieved party to act as a private attorney general where the party seeking to litigate can no longer show damage. *See Zimmerman v. Bell*, 800 F.2d at 390 (no case or controversy where plaintiff's "personal stake in the outcome had disappeared").

Accordingly, for the reasons set forth above, the motion to dismiss is granted. Bache is directed to submit a proposed judgment and order directing it to pay into the court pursuant to Rule 67 the amount of $35,444.66, plus costs and prejudgment interest at the statutory rate from October 1982 to the present.

IT IS SO ORDERED.