Yasmin A. ZUGHNI, Plaintiff,

v.

Federico PENA, Secretary, U.S. Department of Transportation; U.S. Department of Transportation and Merit Systems Protection Board, Defendants.

No. 93 C 7243.

United States District Court,
N.D. Illinois,
Eastern Division.

March 29, 1994.

Phillip S. Wood, Wood & Johnson, Aurora, IL, for Yásmin A. Zughni.

James Michael Kuhn, U.S. Attys. Office, Chicago, IL, for Federico Pena, Dept. of Transp. and Merit Systems Protection Bd.

*MEMORANDUM OPINION
AND ORDER*

ASPEN, District Judge:

Plaintiff Yasmin A. Zughni brings this action seeking review of the Merit Systems Protection Board's decision affirming her termination as an air traffic controller, and for consideration of her claims of discrimination on the basis of gender and handicap. Presently before the court is defendants' motion to dismiss the Merit Systems Protections Board and transfer venue to the Northern District of Ohio, or to dismiss or transfer to the Federal Circuit Court of Appeals for lack of subject matter jurisdiction. For the reasons set forth below, we grant defendants' motion to dismiss the Merit Systems Protections Board, and transfer this case to the Northern District of Ohio.

## I. Background

Plaintiff Yasmin A. Zughni was employed as an air traffic controller in Cleveland, Ohio. On January 12, 1993, she received a letter from Clifford A. Armstrong, Acting Air Traffic Manager in Cleveland, proposing that she be removed from her position. This decision became final, and Armstrong subsequently informed Zughni that she would be terminated effective March 5, 1993. On March 15, 1993, Zughni appealed her dismissal to the Merit Systems Protections Board ("MSPB"), claiming that her termination was wrongful and challenging the quality of the training she had received. Two months later, she additionally alleged that she had been discriminated against on the basis of gender and handicap, specifically, carpal tunnel syndrome. The administrative law judge ("ALJ") instructed Zughni to provide further factual information regarding her discrimination claims within six days. The day before this information was due, Zughni requested an extension of time to provide the information, which the ALJ denied. At the prehearing conference the following day, the ALJ concluded that Zughni had abandoned her discrimination claims through her failure to comply with the court's order. The ALJ gave Zughni until the date of the hearing, to file any objections to her ruling baring evidence on her discrimination claims. Zughni failed to do so. The ALJ subsequently concluded that Zughni's challenge to her dismissal was without merit, and affirmed the decision to dismiss her. Zughni then filed a petition in this court for review of the MSPB's ruling.

## II. Discussion

Defendants first contend that the MSPB is not a proper party to this action. They correctly point out that in Title VII actions involving administrative agencies, the proper defendant is the head of the agency. 42 U.S.C. § 2000e–16(c). Furthermore, in any action seeking review of a MSPB decision regarding a non-discrimination claim, the respondent to be named is the agency itself. 5 U.S.C. § 7703(a)(2). Accordingly, it is clear that the MSPB is not properly

named in this suit, and is entitled to dismissal.[1]

Defendants next maintain that venue is not proper in this district. As a general rule, the Court of Appeals for the Federal Circuit has exclusive jurisdiction to review decisions of the MSPB. 5 U.S.C. § 7703(b)(1); *Williams v. Dep't of Army,* 715 F.2d 1485, 1487 (Fed.Cir.1983). However, in "mixed" cases, e.g., those which involve allegations of discrimination under Title VII as well as non-discriminatory reasons for termination, jurisdiction properly rests in the district courts. 5 U.S.C. § 7703(b)(2); *Williams,* 715 F.2d at 1491. Here Zughni has alleged both non-discriminatory and discriminatory reasons for her discharge, thus conferring jurisdiction upon the district courts.[2] Whether Zughni is entitled to be in *this* district court, however, is another matter.

5 U.S.C. § 7703 sets forth the means by which decisions of the MSPB are reviewed. Subsection (b)(2) provides, in relevant part:

Cases of discrimination ... shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), and section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b)), as applicable.

5 U.S.C. § 7703(b)(2). We therefore turn to Section 717(c) of the Civil Rights Act of 1964, which governs the bringing of Title VII claims by government employees. This section states that an aggrieved employee may "file a civil action as provided in section 2000e–5 of this title...." 42 U.S.C.

§ 2000e–16(c). We thus proceed to section 2000e–5 and discover the information we seek: the venue provision of Title VII. This provision states:

Such an action may be brought in any judicial district in the state in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found in any such district, such an action may be brought in the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e–5(f)(3).

It is well settled that the plaintiff has the burden of establishing proper venue. *See Reed v. Brae Railcar Mgmt., Inc.,* 727 F.Supp. 376, 377 n. 1 (N.D.Ill.1989) (citations omitted). Normally, we take the allegations of the complaint as true unless controverted by the defendant's affidavits; here, however, Zughni has utterly failed to plead facts in support of her chosen venue. However, in her response to defendant's motion, Zughni sets forth numerous arguments which she claims satisfy the above venue provision. First, she notes that the MSPB and the ALJ who presided over her appeal are located in the Northern District of Illinois. She maintains that, because the "quasi-judicial errors" of which she complains in the present action occurred in this district, venue here is proper. It is clear, however, that the actions of the MSPB in the present case cannot provide a basis for venue under Title VII; rather,

1. We also note that Zughni has failed to respond to defendants' arguments, and therefore has effectively conceded this point. *See Valluzzi v. United States Postal Service,* 775 F.Supp. 1124, 1125 (N.D.Ill.1991); *Southern Nevada Shell Dealers Ass'n v. Shell Oil Co.,* 725 F.Supp. 1104, 1109 (D.Nev.1989).

2. Defendants have moved in the alternative for dismissal or transfer to the Federal Circuit. In essence they argue that, because Zughni "abandoned" her allegations of discrimination before the MSPB, she failed to exhaust her administrative remedies with respect to those claims, and may not bring them here. Defendants then

maintain that, because Zughni has only properly presented non-discrimination based claims, exclusive jurisdiction lies in the Federal Circuit. We note, however, that Zughni claims that she was prevented from complying with the ALJ's request for additional information because of unduly limited time constraints, and that, in any event, the ALJ's request was improper. Accordingly, we are unwilling to find that Zughni voluntarily waived her discrimination claim and thereby failed to exhaust administrative remedies. Rather, we conclude that this is properly considered a "mixed" case, and we will proceed on that basis.

Title VII is concerned with the discrimination which was allegedly the basis for Zughni's termination, not with alleged errors in considering the appeal of that termination.

■■■■ Zughni also maintains that venue here is proper because the decision to fire her was made in Des Plaines, Illinois, "a central seat of these employment decisions," rather than in Cleveland. If true, this fact might provide the basis for venue in this court, since Illinois might then be "the state in which the unlawful employment practice is alleged to have been committed" or "in which the employment records relevant to such practice are maintained and administered." 42 U.S.C. § 2000e–5(f)(3). However, Zughni's assertions in this regard are completely unsupported; she has provided no documentation or affidavits which suggest that the decision to fire her was made in Illinois. Defendants, on the other hand, attach a copy of the letter which Clifford A. Armstrong sent to Zughni informing her of her termination. That letter reads, in relevant part:

> Although you did not respond to me personally regarding this proposed removal, I have considered the written submission of your NATCA representative, dated February 5, 1993. I find, however, that the reason listed in my letter is fully supported by a preponderance of the evidence and warrants your removal to promote the efficiency of the service. Accordingly, *it is my decision that you be removed* effective March 5, 1993.
>
> . . . .
>
> If you choose to use the negotiated grievance procedure you must submit the grievance in writing to me, Acting Air Traffic Manager, Cleveland ARTCC, 326 East Lorain Street, Oberlin, Ohio 44074, no later than 20 calendar days after the effective date of removal.

Def.'s Mem. Ex. A (emphasis added). This letter flatly contradicts Zughni's unsupported assertion that the decision to fire her was made in Illinois rather than Ohio, and thus eliminates that putative basis for venue in this district. Because Zughni has utterly failed to satisfy her burden of establishing venue, we conclude that transfer is appropriate. Accordingly, defendants' motion to transfer this action to the Northern District of Ohio is granted. It is so ordered.