Dennis HARDIN, Plaintiff,

v.

AMERICAN ELECTRIC POWER,
Defendant.

No. IP 99–0482 C–B/S.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Aug. 31, 1999.

Kevin Betz, Indianapolis, IN, for plaintiff.

David A. Laing, Porter Wright Morris &
Arthur, Columbus, OH, Constance Phillips,
Ice Miller Donadio & Ryan, Indianapolis, IN,
for defendant.

### ENTRY GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S COMPLAINT

BARKER, Chief Judge.

Plaintiff, Dennis J. Hardin ("Hardin") has
filed a 31 page, 145 paragraph Complaint
alleging that his former employer, Defendant
American Electric Power ("AEP"), has dis-
criminated against him by failing to accom-
modate Hardin's disability in violation of the
Americans with Disabilities Act of 1990, 42
U.S.C. § 12101 *et seq.* ("ADA"), construc-
tively discharging Hardin in violation of the
ADA and by retaliating against Hardin for
invoking his rights under the ADA in viola-
tion of 42 U.S.C § 1981 and § 1983. AEP
has responded by requesting that we strike

Hardin's complaint, pursuant to Federal Rule of Civil Procedure 12(f), for failing to comply with the brevity and simplicity requirements of Rule 8(a) and Rule 8(e). For the reasons discussed below, AEP's motion to strike Hardin's complaint is *GRANTED.*

### Background

Hardin filed a verified complaint with this court on April 8, 1999. This complaint contains 145 numbered paragraphs and 31 pages, 34 including the attached exhibits. After dispensing with jurisdictional and venue averments, *see* Compl. ¶¶ 1–6, and Hardin's self-description, *see id.* ¶ 7, Hardin proceeds to describe AEP and make three related claims. Hardin's description of AEP itself covers 6 paragraphs of which only two specifically identify necessary elements of AEP for the purposes of Hardin's complaint. *Compare id.* ¶¶ 8–9 (laying out AEP's relevant location for the purposes of jurisdiction and size for the purpose of falling within the auspices of the ADA) *with id.* ¶¶ 10–13 (alleging details about AEP's size and capitalization).

After providing these descriptions, Hardin's complaint lays out, in approximately 20 pages, a "statement of facts" covering Hardin's work history at AEP stretching back to 1974 and allegedly describing conversations which occurred as many as 13 years ago. *See id.* ¶¶ 14–25, 42, 52, 53, 60, 65, 66, 70–72, 74, 76–78, 81, 82, 85–90, 96, 108. Each of these 105 paragraphs is then incorporated into Hardin's three, relatively straight-forward, claims against AEP: discrimination under the ADA, *see id.* ¶ 119; constructive termination of Hardin in violation of the ADA, *see id.* ¶ 129; and retaliation against Hardin for invoking his rights under the ADA in violation of § 1981 and § 1988. *See id.* ¶ 137. Finally, the complaint states a 10 part prayer for relief requesting injunctive relief, compensatory damages, punitive damages and attorney fees. *Id.* ¶ 145.

Rather then attempting to answer Hardin's complaint, AEP filed a Motion to Strike the complaint pursuant to Rule 12(f) on May 26, 1999. *See* AEP Mot. to Strike. AEP contends that the complaint fails to comply with Rule 8(a)(2)'s requirement that the complaint contain "a short and plain statement of

the claims showing that the pleader is entitled to relief" and 8(e)(1)'s requirement that "[e]ach averment of a pleading shall be simple, concise, and direct." Not only does AEP contend that the complaint violates Rule 8, but AEP asserts that it will suffer prejudice as a result of this violation. *See* Mot. to Strike at 8. AEP believes that the complaint leaves AEP with "a Hobson's choice between (1) incurring the substantial cost of attempting to answer each averment specifically, effectively conducting Hardin's discovery for him, and (2) generally denying many of the allegations, at the risk of [Rule 11 sanctions]." *Id.* Not surprisingly, Hardin disputes this characterization of the complaint's effects on AEP. *See* Pl. Brief in Opp. to AEP Mot. to Strike at 10–13.

### Discussion

#### A. Requirements of Rule 8

The Federal Rules employ a notice-based pleading system rather than a fact-based pleading system. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), *Cook v. Winfrey,* 141 F.3d 322, 327 (7th Cir.1998), Fed.R.Civ.P. 8. A party's complaint is supposed to provide the opposing party "fair notice of what the [ ] claim is and the grounds upon which it rests." *Leatherman,* 507 U.S. at 168, 113 S.Ct. 1160 (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Thus, rather than requiring the plaintiff to plead all of the facts underlying the alleged claim, the Rules simply require "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

Rule 8(e)(1) supplements 8(a)(2) by requiring that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed.R.Civ.P. 8(e)(1). "Taken together [these two requirements] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re Westinghouse Sec. Litig.,* 90 F.3d 696, 702 (3d Cir.1996) (quoting 5 Wright & Miller *Federal Practice and Procedure: Civil 2d* § 1217, 169 (1990 & Supp.1999)), *see also Vicom v. Harbridge Merchant Servs.,*

*Inc.*, 20 F.3d 771, 775 (7th Cir.1994) (stating that "[t]he primary purpose of [Rule 8(a)(2) and Rule 8(e)(1)] is rooted in fair notice"). To this end, "[t]he evidentiary material supporting the[ ] general statements [contemplated by Rule 8(e)(1)] normally should not be set out in the pleadings but rather should be left to be brought to light during the discovery process." Wright & Miller § 1281, at 519.

### B. Motion to Strike Standard

If a complaint fails to meet the requirements of Rule 8, we have the power either to dismiss the complaint for failing to state a claim upon which relief may be granted, *see* Fed.R.Civ.P. 12(b)(6), or to strike those parts that are "redundant, immaterial, impertinent or scandalous," Fed.R.Civ.P. 12(f). *See, e.g., Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir.1995), *see also Vicom*, 20 F.3d at 776 (noting the district court's power to have dismissed the complaint with prejudice due to its "egregious violation of Rule 8(a)"). An unnecessarily long or confusing complaint makes it difficult for both the defendant and the court. *See Vicom*, 20 F.3d at 775–76. It becomes difficult for the defendant to file a responsive pleading, while it makes conducting an orderly litigation difficult for the court. *See id.*

■ Motions to strike are generally disfavored because they are seen as tools to delay litigation. *See, e.g., Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir.1989). However, where a motion to strike "removes unnecessary clutter from the case, [it] serve[s] to expedite, not delay." *Id.* Therefore, when the pleading is redundant or the statements are immaterial, the court has the power to strike the offending parts. *See* Fed.R.Civ.P. 12(f); *cf. In re Westinghouse Sec. Litig.*, 90 F.3d at 702 (reviewing district court's decision to dismiss claims under Rule 8 for abuse of discretion). However, mere redundancy or immateriality is not enough to trigger the drastic measure of striking the pleading or parts thereof; in addition, the pleading must be prejudicial to the defendant. *See Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir.1992), *Hoffman–Dombrowski v. Arlington Int'l Racecourse, Inc.*, 11 F.Supp.2d 1006, 1009

(N.D.Ill.1998). Prejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party. *See Hoffman–Dombrowski*, 11 F.Supp.2d at 1009.

■ Ordinarily, the proper response in the face of a motion to strike a pleading is to strike only the offending parts of it. *See* Wright & Miller § 1281, at 522. However, if the complaint violates Rule 8(a)(2) and 8(e)(1) "such that a great deal of judicial energy would have to be devoted to eliminating the unnecessary matter and restructuring the pleading," *id.*, we may strike the entire pleading while granting leave to replead. *See, e.g., In re Westinghouse Sec. Litig.*, 90 F.3d at 706 (affirming dismissal of complaint with prejudice for failing to comply with Rule 8), *Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir.1993) (noting district court's power to dismiss a case for failing to comply with Rule 8), *Nagel v. ADM Investor Servs., Inc.*, 995 F.Supp. 837, 846 (N.D.Ill.1998) (dismissing case without prejudice for violating Rule 8). "[U]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Roberto's Fruit Market, Inc. v. Schaffer*, 13 F.Supp.2d 390, 395 (E.D.N.Y.1998) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988)).

For example, in *Vicom*, the Seventh Circuit was called upon to review a complaint's dismissal "on the basis of the amended complaint's prolixity." 20 F.3d at 775. The plaintiff had submitted a "119–page, 385–paragraph less-than-coherent amended complaint." *Id.* The court noted that such a pleading is both difficult and costly, in terms of time and money, to respond to. *See id.* at 776. However, the court also acknowledged that some claims require more complex pleading due to the complex legal theories involved in the case. *See id.* Despite involving a complex legal regime, that is, a RICO claim, the court stated that the complaint nonetheless "must meet the requirements of Rule 8(a)(2) and Rule 8(e)(1)." *Id.* Therefore, the court found that the complaint "vio-

○

lated the letter and the spirit of Rule 8(a)" and that the district court would have been within its power to dismiss the complaint for that reason. *Id.*

Likewise, in *Mutuelle Generale Francaise Vie v. Life Assurance Co. of Pennsylvania,* the plaintiff averred 162 substantive paragraphs in 42 pages. 688 F.Supp. 386, 391 (N.D.Ill.1988). Each of these allegations was then incorporated into seven separate causes of action whose succinctness was due only to the fact that "each count refer[red] back to all the previous allegations." *Id.* Within these paragraphs was "evidence, theories and speculation about the events in issue . . . that belong[ed] (if anywhere) in an argumentative brief and not a complaint." *Id.* The court found that this type of a pleading would make it difficult to answer from the defendant's perspective and struck the entire complaint. *See id.* Ultimately, the court gave the plaintiff leave to amend the complaint to allow it to cure its drafting problems and group allegations appropriately under the respective claims. *See id.*

### C. AEP's Motion to Strike Hardin's Complaint

■ Like the complaints discussed in *Vicom* and *Mutuelle Generale Francaise Vie,* Hardin's complaint is excessively long, complex and confusing. The factual averments span 25 years and involve conversations that took place as long as 13 years ago. Some of Hardin's "simple, concise averments" involve statements that span several time-frames or involve multiple actors.[1] Moreover, the need for Hardin to incorporate these paragraphs, in toto, into all three of his causes of action is not immediately obvious.

Clearly, such an internally complex complaint makes it difficult for AEP to adequately respond. Hardin posits that the difficulty for AEP is negligible given its power to either admit, deny or state that it lacks the knowledge or information sufficient to form a belief as to the truth of the statements. *See* Hardin Br.Opp. to Mot. at 12–13. However, this contention misses the point that the statements to which AEP is required to respond are convoluted and complex and place an unjustified burden on AEP to sift through the allegations to ascertain the relevant material.

Also, like the complaint in *Mutuelle Generale Francaise Vie,* Hardin has used his complaint as both pleading and argumentative brief. Hardin goes into minute detail and draws inferences that may be important in supporting his claim if the case is to go to trial. However, these details are not necessary in order for Hardin to state a claim in the first instance. The "evidence, theories and speculation about the events in issue" which Hardin posits within the 145 paragraphs of statements are just not necessary in order for Hardin to provide "fair notice" to AEP of the claims against it. This complaint far exceeds what is necessary to provide the "short and plain statement of the claims showing that the pleader is entitled to relief" that the Rules require.[2]

Due to the pervasive nature of the Complaint's excesses, it would consume an inordinate amount of our resources to sift through it in an effort to glean the relevant portions. Thus, consistent with the Seventh Circuit's opinion in *Vicom,* we *GRANT* AEP's motion to strike Hardin's Complaint in its entirety. However, in the interest of justice, we grant

---

1. For example, ¶ 62 involves a conversation between Hardin and Ms. Kirby on April 10, 1997, incorporates conversations between Ms. Kirby and Mr. Dorman, which further incorporate Hardin's February 14, 1996 medical evaluation, but which Hardin says did not include knowledge of Hardin's January 29, 1997 evaluation by Dr. Gelfman. *See also* Compl. ¶¶ 101, 117.

2. It is important to note that this case does not present "complex" legal issues, like a RICO claim, which the court contemplated in *Vicom* when it noted that complex issues may require more complex pleading. 20 F.3d at 776. At its core, Hardin claims that AEP discriminated

against him on the basis of his disability, that it constructively discharged him on the basis of his disability, and that these actions violated his civil rights. *See* Compl. at ¶¶ 119, 129, 137. Moreover, these claims must necessarily be grounded in the EEOC's right to sue letter issued to Hardin in January 1998. *See* Compl. ¶ 2–3, Compl. Apps. A, B. While it may be necessary for Hardin to develop some facts leading up to this action, clearly events of 13 years prior will have little or no bearing on these claims. *See* 42 U.S.C. §§ 2000e–5(e), 12117(e), 29 C.F.R. § 1601.13.

leave to refile a complaint that conforms to Rule 8 standards and concisely and more appropriately lays out Plaintiff's claims against AEP.

*Conclusion*

For the reasons explicated above, to wit, that Hardin's Complaint fails to simply and concisely state a claim for relief as required by Rule 8(a) and Rule 8(e)(1) and that such failure creates an undue burden on both AEP and this court, pursuant to Rule 12(f), we *GRANT* AEP's motion to strike Hardin's Complaint. The Amended Complaint must be filed within thirty (30) days from the date of this entry.